UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HALLIBURTON COMPANY<br><br>and<br><br>KBR, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§  Civil Action No.:<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## CONSENT OF DEFENDANT HALLIBURTON COMPANY

1. Defendant Halliburton Company ("Defendant" or "Halliburton") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Sections 13b(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)];

1

  (b)  orders Defendant to pay, jointly and severally with Defendant KBR, Inc., disgorgement in the amount of $177,000,000; and

  (c)  orders Defendant to:

(i) retain an Independent Consultant, not unacceptable to the Commission staff, within 60 days of the entry of the Final Judgment, to review and evaluate Defendant's anti-bribery and foreign agent internal controls, record-keeping and financial reporting policies and procedures, including those recently revised and implemented by Defendant, ("Policies and Procedures") as they relate to its compliance with the books and records, internal accounting controls, and anti-bribery provisions of the Foreign Corrupt Practices Act (the "FCPA"), codified at Sections 13(b)(2)(A), 13(b)(2)(B) and 30A of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B) and 78dd-1]. Defendant shall provide the Commission's staff with a copy of the engagement letter detailing the scope of the Independent Consultant's responsibilities within 60 days after the entry of the Final Judgment;

(ii) cooperate fully with the Independent Consultant and provide the Independent Consultant with access to its files, books, records, and personnel as reasonably requested for the review, provided, however, that the Defendant does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties;

(iii) require the Independent Consultant to issue a written Report, within 60 days after being retained: (a) summarizing its review and evaluation, and (b) if necessary, making recommendations based on its review and evaluation that are reasonably designed to improve the Policies and Procedures. Defendant shall require that the Independent Consultant provide the Report to the Board of Directors of Defendant and simultaneously transmit a copy to

the staff of the Commission at the following address: Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549;

(iv) adopt all recommendations in the report of the Independent Consultant within 60 days of the issuance of the Report; provided, however, that, as to any recommendations that Defendant considers to be unduly burdensome, impractical, or costly, Defendant need not adopt the recommendations at that time, but may submit in writing to the Independent Consultant and the Commission staff, within 30 days of receiving the Report, an alternative policy or procedure designed to achieve the same objective or purpose. Defendant and the Independent Consultant shall attempt in good faith to reach an agreement relating to each recommendation Defendant considers to be unduly burdensome, impractical, or costly. In the event that Defendant and the Independent Consultant are unable to agree on an alternative proposal within 30 days, the Defendant will abide by the determinations of the Independent Consultant;

(v) certify in writing to the Commission staff and the Independent Consultant within 60 days of the issuance of the Report that Defendant has adopted and implemented all of the Independent Consultant's recommendations or agreed upon alternatives;

(vi) one year after the certification in paragraph (v) above, require the Independent Consultant to perform a follow-up review to confirm that Defendant has implemented the recommendations or agreed-upon alternatives and continued the application of the Policies and Procedures, and to deliver a supplemental report within 30 days to the Board of Directors of Defendant and the Commission staff setting forth its conclusions and whether any further improvements should be implemented;

(vii) require the Independent Consultant to enter into an agreement with Defendant that provides that for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that the Independent Consultant will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to assist the Independent Consultant in performance of his/her duties under this Order shall not, without prior written consent of the Securities and Exchange Commission's Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

(viii) agree that these undertakings shall be binding upon any acquirer or successor in interest to Defendant or substantially all of Defendant's assets and liabilities or business; and

(ix) agree that for good cause shown, the Commission's staff may extend for up to 60 days any of the procedural dates set forth above.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding and all other claims against Defendant relating to or arising out of the facts alleged in the Complaint or those facts otherwise disclosed to or known by the Commission staff prior to the filing of this action. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this

proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Halliburton Company

By: _____
Albert O. Cornelison, Jr.
Executive Vice President and General Counsel
1401 McKinney, Suite 2400
Houston, Texas 77242-2807

On January 9, 2009, Albert O. Cornelison, Jr., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Halliburton Company as its Executive Vice President and General Counsel.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Robb L. Voyles, Esq.
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Attorney for Defendant

KIMBERLY F. PAYNE
Notary Public, State of Texas
My Commission Expires
09/30/2010

CERTIFICATE OF CORPORATE RESOLUTION

I, Sherry D. Williams, do hereby certify that I am duly elected, qualified and acting Secretary of Halliburton Company and that the following is a complete and accurate copy of a resolution adopted by Halliburton Company on December 29, 2008:

SEC AUTHORIZATION

RESOLVED, that Albert O. Cornelison, Jr., Executive Vice President and General Counsel of the Company, be and hereby is authorized to act on behalf of the Company and, in his sole discretion, to negotiate, approve, accept and execute the "Consent of Defendant Halliburton Company" attached hereto, in connection with the investigation conducted by the Securities and Exchange Commission; in this connection, Mr. Cornelison is hereby authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Securities and Exchange Commission in order to carry out the foregoing.

I further certify that the aforementioned resolution has not been amended or revoked in any respect and is still in full force and effect.

IN WITNESS WHEREOF, I have duly executed this Certificate as a sealed instrument as the duly elected, qualified and acting Secretary of Halliburton Company hereunto authorized this 9th day of January, 2009.

_____
Secretary

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § Plaintiff, § § Civil Action No.: vs. § § HALLIBURTON COMPANY § § and § § KBR, INC., § § Defendants. § § | |

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

HALLIBURTON COMPANY

and

KBR, INC.,

Defendants.

§
§
§
§
§ Civil Action No.:
§
§
§
§
§
§
§
§
§
§

## FINAL JUDGMENT AS TO DEFENDANT HALLIBURTON COMPANY

The Securities and Exchange Commission having filed a Complaint and Defendant Halliburton Company ("Halliburton") having entered a general appearance; consented to the Court's jurisdiction over Halliburton and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Halliburton and Halliburton's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

1

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Halliburton.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Halliburton and Halliburton's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Halliburton shall:

(i) retain an Independent Consultant, not unacceptable to the Commission staff, within 60 days of the entry of the Final Judgment, to review and evaluate Defendant's anti-bribery and

foreign agent internal controls, record-keeping and financial reporting policies and procedures, including those recently revised and implemented by Defendant, ("Policies and Procedures") as they relate to its compliance with the books and records, internal accounting controls, and anti-bribery provisions of the Foreign Corrupt Practices Act (the "FCPA"), codified at Sections 13(b)(2)(A), 13(b)(2)(B) and 30A of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B) and 78dd-1]. Defendant shall provide the Commission's staff with a copy of the engagement letter detailing the scope of the Independent Consultant's responsibilities within 60 days after the entry of the Final Judgment;

(ii) cooperate fully with the Independent Consultant and provide the Independent Consultant with access to its files, books, records, and personnel as reasonably requested for the review, provided, however, that the Defendant does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties;

(iii) require the Independent Consultant to issue a written Report, within 60 days after being retained: (a) summarizing its review and evaluation, and (b) if necessary, making recommendations based on its review and evaluation that are reasonably designed to improve the Policies and Procedures. Defendant shall require that the Independent Consultant provide the Report to the Board of Directors of Defendant and simultaneously transmit a copy to the staff of the Commission at the following address: Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549;

(iv) adopt all recommendations in the report of the Independent Consultant within 60 days of the issuance of the Report; provided, however, that, as to any recommendations that Defendant considers to be unduly burdensome, impractical, or costly, Defendant need not adopt

3

the recommendations at that time, but may submit in writing to the Independent Consultant and the Commission staff, within 30 days of receiving the Report, an alternative policy or procedure designed to achieve the same objective or purpose. Defendant and the Independent Consultant shall attempt in good faith to reach an agreement relating to each recommendation Defendant considers to be unduly burdensome, impractical, or costly. In the event that Defendant and the Independent Consultant are unable to agree on an alternative proposal within 30 days, the Defendant will abide by the determinations of the Independent Consultant;

(v) certify in writing to the Commission staff and the Independent Consultant within 60 days of the issuance of the Report that Defendant has adopted and implemented all of the Independent Consultant's recommendations or agreed upon alternatives;

(vi) one year after the certification in paragraph (v) above, require the Independent Consultant to perform a follow-up review to confirm that Defendant has implemented the recommendations or agreed-upon alternatives and continued the application of the Policies and Procedures, and to deliver a supplemental report within 30 days to the Board of Directors of Defendant and the Commission staff setting forth its conclusions and whether any further improvements should be implemented;

(vii) require the Independent Consultant to enter into an agreement with Defendant that provides that for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that the Independent Consultant will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to

assist the Independent Consultant in performance of his/her duties under this Order shall not, without prior written consent of the Securities and Exchange Commission's Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

(viii) agree that these undertakings shall be binding upon any acquirer or successor in interest to Defendant or substantially all of Defendant's assets and liabilities or business; and

(ix) agree that for good cause shown, the Commission's staff may extend for up to 60 days any of the procedural dates set forth above.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Halliburton, jointly and severally with Defendant KBR, Inc., is liable for disgorgement of $177,000,000 representing profits gained as a result of the conduct alleged in the Complaint. Halliburton or KBR shall satisfy this obligation by paying $177,000,000 within ten (10) business days after entry of this Final Judgment by wire transfer, certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Halliburton Company as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Halliburton shall simultaneously transmit photocopies or other suitable proof of the

payment and letter to the Commission's counsel in this action. By making these payments, Halliburton relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Halliburton. Halliburton shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Halliburton shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

                                                UNITED STATES DISTRICT JUDGE