UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HALLIBURTON COMPANY<br><br>and<br><br>KBR, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § Civil Action No.: 4:09-399 |

## FINAL JUDGMENT AS TO DEFENDANT HALLIBURTON COMPANY

The Securities and Exchange Commission having filed a Complaint and Defendant Halliburton Company ("Halliburton") having entered a general appearance; consented to the Court's jurisdiction over Halliburton and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Halliburton and Halliburton's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

1

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Halliburton.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Halliburton and Halliburton's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Halliburton shall:

(i) retain an Independent Consultant, not unacceptable to the Commission staff, within 60 days of the entry of the Final Judgment, to review and evaluate Defendant's anti-bribery and

foreign agent internal controls, record-keeping and financial reporting policies and procedures, including those recently revised and implemented by Defendant, ("Policies and Procedures") as they relate to its compliance with the books and records, internal accounting controls, and anti-bribery provisions of the Foreign Corrupt Practices Act (the "FCPA"), codified at Sections 13(b)(2)(A), 13(b)(2)(B) and 30A of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B) and 78dd-1]. Defendant shall provide the Commission's staff with a copy of the engagement letter detailing the scope of the Independent Consultant's responsibilities within 60 days after the entry of the Final Judgment;

(ii) cooperate fully with the Independent Consultant and provide the Independent Consultant with access to its files, books, records, and personnel as reasonably requested for the review, provided, however, that the Defendant does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties;

(iii) require the Independent Consultant to issue a written Report, within 60 days after being retained: (a) summarizing its review and evaluation, and (b) if necessary, making recommendations based on its review and evaluation that are reasonably designed to improve the Policies and Procedures. Defendant shall require that the Independent Consultant provide the Report to the Board of Directors of Defendant and simultaneously transmit a copy to the staff of the Commission at the following address: Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549;

(iv) adopt all recommendations in the report of the Independent Consultant within 60 days of the issuance of the Report; provided, however, that, as to any recommendations that Defendant considers to be unduly burdensome, impractical, or costly, Defendant need not adopt

3

the recommendations at that time, but may submit in writing to the Independent Consultant and the Commission staff, within 30 days of receiving the Report, an alternative policy or procedure designed to achieve the same objective or purpose. Defendant and the Independent Consultant shall attempt in good faith to reach an agreement relating to each recommendation Defendant considers to be unduly burdensome, impractical, or costly. In the event that Defendant and the Independent Consultant are unable to agree on an alternative proposal within 30 days, the Defendant will abide by the determinations of the Independent Consultant;

(v) certify in writing to the Commission staff and the Independent Consultant within 60 days of the issuance of the Report that Defendant has adopted and implemented all of the Independent Consultant's recommendations or agreed upon alternatives;

(vi) one year after the certification in paragraph (v) above, require the Independent Consultant to perform a follow-up review to confirm that Defendant has implemented the recommendations or agreed-upon alternatives and continued the application of the Policies and Procedures, and to deliver a supplemental report within 30 days to the Board of Directors of Defendant and the Commission staff setting forth its conclusions and whether any further improvements should be implemented;

(vii) require the Independent Consultant to enter into an agreement with Defendant that provides that for the period of engagement and for a period of two years from completion of the engagement, the Independent Consultant shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such. The agreement will also provide that the Independent Consultant will require that any firm with which he/she is affiliated or of which he/she is a member, and any person engaged to

assist the Independent Consultant in performance of his/her duties under this Order shall not, without prior written consent of the Securities and Exchange Commission's Division of Enforcement, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant, or any of its present or former affiliates, subsidiaries, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

(viii) agree that these undertakings shall be binding upon any acquirer or successor in interest to Defendant or substantially all of Defendant's assets and liabilities or business; and

(ix) agree that for good cause shown, the Commission's staff may extend for up to 60 days any of the procedural dates set forth above.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Halliburton, jointly and severally with Defendant KBR, Inc., is liable for disgorgement of $177,000,000 representing profits gained as a result of the conduct alleged in the Complaint. Halliburton or KBR shall satisfy this obligation by paying $177,000,000 within ten (10) business days after entry of this Final Judgment by wire transfer, certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Halliburton Company as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Halliburton shall simultaneously transmit photocopies or other suitable proof of the

payment and letter to the Commission's counsel in this action. By making these payments, Halliburton relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Halliburton. Halliburton shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Halliburton shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE